819 F.2d 290
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack E. WATERS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-1322.
 United States Court of Appeals, Sixth Circuit.
 May 27, 1987.
 
 Before ENGEL and BOGGS, Circuit Judges, and HOLSCHUH, District Judge.*
 PER CURIAM.
 
 
 1
 Jack E. Waters first applied for disability insurance benefits on July 17, 1984, alleging an inability to work as of April 30, 1980. In September 1984, he amended his application to allege a disability onset date of December 31, 1971. His application was denied by the Secretary of Health and Human Services after a hearing before an Administrative Law Judge and affirmance of the ALJ's findings by the Appeals Council. The district court found the Secretary's denial supported by substantial evidence. After consideration of the briefs and record, we find that there is substantial evidence to support the Secretary's decision that Waters was not disabled and accordingly affirm the judgment of the district court.
 
 
 2
 Waters last met the insured status requirement of the Social Security Act on December 31, 1976, so the ALJ considered evidence of disability only from December 1971 to December 1976. Waters had originally injured his back in the 1950s while working as a policeman for the City of Lansing. He has received a full disability pension from the city since the late 1950s. He began working as a real estate salesman in 1961, and stopped working full-time in 1971. He attempted to open his own brokerage in 1976 which failed after a year and a half. He testified that he was only able to work part-time because of back and leg pain and fatigue which forced him to rest during the day.
 
 
 3
 The medical evidence established that Waters had had several laminectomies and two spinal fusions, all prior to 1960. He was hospitalized with back pain several times between 1971 and 1976, usually after an accident or some strenuous activity such as a fall on the ice or lifting his boat. His treating physician's notes indicate that he responded well to conservative bed rest treatment and was usually recovered in three to ten days. Thus the ALJ found that Waters's testimony of continuous disabling pain and complete inability to work was not credible as it was not supported by objective medical evidence.
 
 
 4
 The ALJ found that Waters could no longer perform his past work as a real estate salesman which was classified as light work. The ALJ determined, however, that Waters retained the residual functional capacity to perform a full range of sedentary work. A vocational expert testified that Waters's work as a real estate salesman had given him transferable skill enabling him to perform sedentary jobs existing in significant numbers in the national economy. The vocational expert testified that a person with these skills would be capable of filling approximately 10,000 jobs currently available in the lower penisula of Michigan. The ALJ thus found that Waters was not disabled during the period covered by his application.
 
 
 5
 The final decision of the Secretary denying benefits was affirmed in a thorough and well-reasoned opinion by District Judge Hillman on February 19, 1986. After reviewing the record, we conclude that the district court correctly determined that the Secretary's decision was supported by substantial evidence. We thus AFFIRM the district court on the basis of Judge Hillman's opinion.
 
 
 
 *
 The Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation